1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   THERESA DUNCAN,                            No. 2:19-cv-02250-JAM-CKD PS

12              Plaintiff,

13        v.                                    FINDINGS AND RECOMMENDATIONS

14   THE UNITED STATES,

15              Defendant.

16

17   I.      Background and Allegations

18          Plaintiff is proceeding in this action pro se and has paid the filing fee for this action.  This

19   proceeding was referred to this court by Local Rule 302(c)(21).  Plaintiff's complaint is currently

20   before the court for screening.  28 U.S.C. § 1915(e)(2).

21          Plaintiff asserts claims against the United States under the Americans with Disabilities

22   Act ("ADA") and the Judicial Conduct and Disability Act, 28 U.S.C. §§ 351–364.  (ECF No. 1.)

23   Plaintiff alleges that a judge "failed to provide or allow for the assistance of a disability advocate

24   and auxiliary devices during all court proceedings," "[f]ailed to keep private or confidential the

25   request for ADA assistance," and "[f]ailed to comply with the Judicial Conduct and Disability

26   Act."  (Id.)

27   ////

28   ////

                                                    1

II.    Plaintiff's ADA Claim Is Not Cognizable

Absent a waiver, sovereign immunity shields the federal government and its agencies from suit. Loeffler v. Frank, 486 U.S. 549, 554 (1988); Fed. Hous. Admin. v. Burr, 309 U.S. 242, 244 (1940). Sovereign immunity is jurisdictional in nature. Indeed, the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586 (1941); see also United States v. Mitchell, 463 U.S. 206, 212 (1983) (explaining that "[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction").

Here, plaintiff attempts to sue the United States in federal court. However, the United States is entitled to sovereign immunity and plaintiff fails to show any waiver of such sovereign immunity. See Agee v. United States, 72 Fed. Cl. 284, 289 (Fed. Cl. 2006) (concluding that "Congress has not waived the Federal Government's sovereign immunity with regard to ADA claims" (citing Cellular Phone Taskforce v. F.C.C., 217 F.3d 72, 73 (2d Cir. 2000) (holding that the ADA is not applicable to the federal government because "public entity" is defined as a state or local government)). In the absence of an unequivocal waiver of the United States' sovereign immunity, this court does not have subject matter jurisdiction over plaintiff's ADA claim. Accordingly, plaintiff is barred from bringing an ADA claim against the United States, the complaint fails to state a valid claim for relief against the United States, and dismissal is proper.

III.    Plaintiff's Claim under the Judicial Conduct and Disability Act is Not Cognizable

Plaintiff also includes a claim under 28 U.S.C. § 351, which provides: "Any person alleging that a judge has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts, or alleging that such judge is unable to discharge all the duties of office by reason of mental or physical disability, may file with the clerk of the court of appeals for the circuit a written complaint containing a brief statement of the facts constituting such conduct." First, this statute is clearly inapplicable here given that plaintiff does not name an individual judge as a defendant.[1] Second, to the extent plaintiff seeks to file a judicial complaint,

_____

[1] Even assuming *arguendo* plaintiff named a judge as a defendant, judges are immune from actions for judicial acts taken within the jurisdiction of their courts. See Mireless v. Waco, 502

plaintiff has not complied with the procedural requirement of this statute. Under section 351, a judicial complaint is initiated by filing it with the clerk of the court of appeals for the circuit, not with the district court. Id. Section 351 does not afford this court jurisdiction over plaintiff's claim and dismissal is therefore proper.

IV.     No Leave to Amend

        If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126–30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130–31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1105–06 (affirming dismissal and finding the plaintiff's "theories of liability either fall outside the limited waiver of sovereign immunity by the United States, or otherwise are not within the jurisdiction of the federal courts").

        The undersigned finds that, as set forth above, the defendant United States is immune from liability, the complaint does not identify a waiver of sovereign immunity, and this court does not have jurisdiction over a claim under 28 U.S.C. § 351. As it appears amendment would be futile, the undersigned will recommend that this action be dismissed without leave to amend and plaintiff's filing fee be reimbursed.

V.      Conclusion

        In accordance with the above, IT IS HEREBY RECOMMENDED that:

        1.  This action be dismissed without leave to amend;

        2.  The Clerk of Court be directed to refund the $400.00 filing fee in this action as soon as

---

U.S. 9, 11 (1991) (explaining that judicial immunity "is an immunity from suit, not just from the ultimate assessment of damages"); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986).

1        practicable; and

2        3.   This case be closed.

3        These findings and recommendations are submitted to the United States District Judge

4    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

5    after being served with these findings and recommendations, any party may file written

6    objections with the court and serve a copy on all parties.  Such a document should be captioned

7    "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

8    within the specified time may waive the right to appeal the District Court's order.  Martinez v.

9    Ylst, 951 F.2d 1153 (9th Cir. 1991).

10   Dated:  November 21, 2019

11                                             _____
                                              CAROLYN K. DELANEY
12                                            UNITED STATES MAGISTRATE JUDGE

13

14

15   15 duncan2250.dismissal

16

17

18

19

20

21

22

23

24

25

26

27

28

                                              4